**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

BUZZFEED, INC.

    Plaintiff,

v.

THE INDIVIDUAL, PARTNERSHIP OR
UNINCORPORATED ASSOCIATION d/b/a
FUNNYIST.COM

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff BuzzFeed, Inc. ("BuzzFeed" or "Plaintiff"), by and through its undersigned counsel, hereby sues the individual, partnership, or unincorporated association d/b/a funnyist.com ("Funnyist.com" or "Defendant"), and alleges as follows:

**NATURE OF THE CASE**

    1.    This is an action for willful trademark dilution, infringement and counterfeiting, false designation of origin, and unfair competition. BuzzFeed is a publisher of web-based news and entertainment content, and owner of the domain name www.buzzfeed.com. With its sizeable cross-platform network, BuzzFeed is an independent digital media company, which leverages data around the world. BuzzFeed produces original content across broadcast, cable, SVOD, film and digital platforms. In addition, BuzzFeed operates a global news organization headquartered in New York, an entertainment studio based in Los Angeles, and manages offices globally. Every day, BuzzFeed publishes original and consumer driven content.

2. Like many creators of original content, BuzzFeed is confronted with online infringement of intellectual property. Defendant is engaging in online infringement of BuzzFeed's intellectual property, through its website operating under the individual, partnership, and/or business association name funnyist.com (the "Subject Domain Name"). Through its website operating under the Subject Domain Name, Defendant advertises and holds out to the public that it is associated with BuzzFeed by clearly displaying counterfeit versions of BuzzFeed's trademarks to illegally profit from BuzzFeed's intellectual property, without BuzzFeed's consent.

3. On information and belief, Defendant, through at least the website operating under the Subject Domain Name, is passing itself off as the legitimate BuzzFeed website (the "BuzzFeed Website") located at buzzfeed.com by obviously displaying non-genuine versions of BuzzFeed's trademarks. The Defendant operating under the Subject Domain Name publishes original content copied from the BuzzFeed Websites under the trademarks owned by BuzzFeed and associated with the BuzzFeed Website in a blatant effort to confuse consumers as to the source of the Subject Domain Name.

4. On information and belief, Defendant is part and parcel of an online network whose purpose is to deliver malware by confusing consumers into believing that the Subject Domain Name is associated with BuzzFeed to obtain "clicks" on the Subject Domain Name. On further information and belief, Defendant profits from its unlawful activities at an enormous cost to BuzzFeed. Through its dilution, infringement and counterfeiting, Defendant is causing substantial harm to BuzzFeed, which has made significant investments of money, time, and creative energies to produce the content and to develop its intellectual property, technical platform, branding, promotions, sales, and goodwill around its content and distribution services.

Moreover, because BuzzFeed operates worldwide, Defendant deprives BuzzFeed's legitimate digital advertisers and sponsors from having their advertisements viewed by these consumers; diverts customers worldwide from the BuzzFeed Website and confuses consumers as to the source and legitimacy of its content and distribution channels; harms BuzzFeed's ability to continue to build out its consumer base and sponsors, and interferes with and harms BuzzFeed's sponsorship agreements, hurting its and its partners' profits and reputations.

## JURISDICTION AND VENUE

5. This is an action seeking damages and injunctive relief for trademark dilution, trademark counterfeiting and infringement, and false designation of origin under the Lanham Act, common law unfair competition; common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), 1125(c), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a); 15 U.S.C. § 1051 *et seq*.

6. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114 and 1125(a), 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, because the claims are so related to the Federal claims in this action, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

8. Defendant is subject to personal jurisdiction in this District because it has targeted its business activities towards consumers in the State of Florida through its advertisement, promotion, and fully interactive website accessible in Florida and operating under the Subject Domain Name. Defendant's website operating under the Subject Domain Name is fully accessible in this District and, Defendant infringes BuzzFeed's intellectual property rights in this District.

Finally, Defendant causes harm to BuzzFeed's business within this District by diverting consumers searching for BuzzFeed's content, at least within the State of Florida, to its unauthorized website operating under the Subject Domain Name. Defendant is directly and unfairly competing with BuzzFeed's economic interests in the State of Florida and causing BuzzFeed harm within this jurisdiction. BuzzFeed regularly enforces its intellectual property rights and authorized this action to be brought in its name.

9. Venue is proper in this Court pursuant 28 U.S.C. § 1391(b) because Defendant is, on information and belief, a non-resident alien, and thus may be sued in "any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such an action," as set forth above. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(c) because a "defendant not resident in the United States may be sued in any judicial district."

## THE PLAINTIFF

10. BuzzFeed is a corporation organized under the laws of the State of Delaware with its principal place of business in the United States located at 111 East 18th Street, New York, New York 10003. BuzzFeed is a cross-platform digital media company delivering news and entertainment content to consumers around the world, including within this district. Since its founding in 2006, BuzzFeed has grown to include 9 editions. BuzzFeed's wide range of content extends from its signature "listicles" to political coverage, critical essays, and breaking and in-depth global news.

11. BuzzFeed is, and at all times relevant hereto has been, the owner all rights, including common law rights, in and to the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "BuzzFeed Marks").

| Trademark | Registration Number | Registration Date | Classes/Goods |
|---|---|---|---|
| BUZZFEED | 3,367,020 | January 8, 2008 | IC 035 – Distribution of consumer-generated product reviews and advertisements |
| BUZZFEED | 4,600,026 | September 9, 2014 | IC 041 – Entertainment Services, namely, development, creation, production and post production of website entertainment content; providing a website that displays trending news and information content in the fields of current events and entertainment |
| BUZZFEED | 6,018,665 | September 29, 2020 | IC 041 – Media production services, namely, video and film production; entertainment services, namely multimedia production services; entertainment media production services of the internet |
| (logo) | 6,167,157 | October 6, 2020 | IC 041 – Media production services, namely, video and film production; entertainment services, namely multimedia production services; entertainment media production services for the internet |
| (logo) | 6,018,664 | March, 24, 2020 | IC 042 – Computer services, namely, creating an on-line community for registered users to participate in discussions, get feedback from their peers, form virtual communities, and engage in social networking services in the field of marketing; providing a web site featuring technology that enables internet users to create, bookmark, annotate and publicly share data |
| BUZZFEED | 6,023,285 | March 31, 2020 | IC 042 – Providing website featuring news and commentary on computer technology |

| | 6,023,094 | March 31, 2020 | IC 042 – Providing websites featuring news and commentary on computer technology |
|---|---|---|---|

The BuzzFeed Marks are used in connection with the high-quality media production and content distribution services identified above. True and correct copies of the Certificates of Registration for the BuzzFeed Marks are attached hereto as Composite Exhibit "1."

12.    The BuzzFeed Marks have been used in interstate commerce to identify and distinguish BuzzFeed's quality services for an extended period.

13.    The BuzzFeed Marks have been used by BuzzFeed long prior in time to Defendant's use of copies of those Marks. The BuzzFeed Marks have never been assigned or licensed to any of the Defendants in this matter.

14.    The BuzzFeed Marks are symbols of BuzzFeed's reputation and goodwill and have never been abandoned. BuzzFeed monitors and polices the use of the BuzzFeed Marks.

15.    The BuzzFeed Marks are well-known and famous. BuzzFeed expends substantial resources developing, advertising, and otherwise promoting the BuzzFeed Marks. The BuzzFeed Marks qualify as famous marks as the term is used in 15 U.S.C. § 1125(c)(1).

16.    Furthermore, BuzzFeed extensively uses, advertises, and promotes the BuzzFeed Marks in the United States in association with its high-quality products and services, including news reporting, entertainment, and Internet content sharing.

17.    As a result of BuzzFeed's efforts, members of the consuming public readily identify services bearing the BuzzFeed Marks and promoted under the BuzzFeed Marks as high-quality services.

18. Genuine and authorized BuzzFeed services are widely legitimately advertised and promoted by BuzzFeed and its authorized partners. Visibility on the Internet, particularly via search engines such as Google, Yahoo!, and Bing is important to BuzzFeed's overall marketing and consumer education efforts. Thus, BuzzFeed expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow BuzzFeed and its authorized partners to educate consumers fairly and legitimately about the value associated with the BuzzFeed brand and the services associated therewith.

## THE DEFENDANT

19. Defendant operates through the Subject Domain Name and is comprised of an individual, partnership and/or business entity of unknown makeup, which, upon information and belief resides and/or operates in a foreign jurisdiction. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Upon information and belief, Defendant's website operating under the Subject Domain Name is, in part, targeted at and fully accessible by consumers in this District and throughout the United States of America.

20. Defendant uses aliases in conjunction with the operation of its businesses, including but not limited to the Subject Domain Name.

21. Defendant is the past and present controlling force behind the commercial website operating under the Subject Domain Name which uses counterfeits and infringements of BuzzFeed's trademarks as described herein.

22. Defendant has directly engaged in unfair competition with BuzzFeed by advertising, creating, and maintaining its website for the purpose of diverting consumers away from the BuzzFeed Website and its legitimate services to the website operating under the Subject

Domain Name. Defendant has purposefully directed some portion of its illegal activities towards consumers in the State of Florida through the advertisement, and availability of its website in the State.

23. Defendant has registered, established, or purchased the Subject Domain Name and in doing so may have engaged in fraudulent conduct by providing false and/or misleading information to the domain registrar during the registration or maintenance process related to the Subject Domain Name. Upon information and belief, the Defendant has registered and/or maintains its Subject Domain Name for the sole purpose of engaging in unlawful activities.

24. Defendant will likely continue to register or acquire new domain names for the purpose of presenting services using counterfeit and confusing imitations of one or more of BuzzFeed's trademarks unless permanently enjoined.

25. Defendant's entire web-based business amounts to nothing more than an operation established and operated to engage in unlawful activities including infringing upon BuzzFeed's intellectual property rights.

26. Defendant's business name, i.e., the Subject Domain Name and any other domain names used in connection with infringing BuzzFeed's trademarks, is an essential component of Defendant's infringing activities. The Subject Domain Name itself is a significant part of the means by which Defendant furthers its infringement scheme and causes harm to BuzzFeed Moreover, Defendant is using BuzzFeed's famous name and trademarks to drive Internet consumer traffic to its website operating under the Subject Domain Name, thus increasing the value of the Subject Domain Name and decreasing the size and value of BuzzFeed's legitimate common marketplace and intellectual property rights at BuzzFeed's expense.

**COMMON FACTUAL ALLEGATIONS**

27. At all times relevant hereto, Defendant in this action has had full knowledge of BuzzFeed's ownership of the BuzzFeed Marks, including its exclusive rights to use and license such intellectual property and the goodwill associated therewith.

28. Defendant provides its services in interstate commerce bearing counterfeit and confusingly similar imitations of the BuzzFeed Marks through at least the commercial website operating under the Subject Domain Name. Specifically, Defendant is using the BuzzFeed Marks to initially attract online consumers and drive them to its website operating under the Subject Domain Name. The content of the website operating under the Subject Domain Name is directly hotlinked to the BuzzFeed Website and designed to exactly mirror the BuzzFeed Website. Defendant uses identical copies of the BuzzFeed Marks as part of a lure to draw online consumers to its website which then distributes its substitute content, malware, to the consumer while presenting them with Defendant's copycat services of BuzzFeed's genuine protected computer and media production services in distribution of consumer generated content and news.

29. On information and belief, this malware presents itself to the online consumer in the form of, *inter alia*, websites displaying pornographic content. *See* Exhibit 2.

30. As part of its overall scheme, Defendant is employing and benefitting from advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the BuzzFeed Marks and its content. Specifically, Defendant is using counterfeits and infringements of BuzzFeed's famous name and the BuzzFeed Marks to confuse consumers into believing that its malware-distributing website operating under the Subject Domain Name is the BuzzFeed Website and to make its illegal content appear more relevant and attractive to consumers searching for BuzzFeed's services and information online. Defendant is

causing harm to BuzzFeed and the consuming public by (i) depriving BuzzFeed of its right to fairly compete for space within search engine results and reducing the visibility of BuzzFeed's genuine services on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the BuzzFeed Marks, and (iii) increasing BuzzFeed's overall cost to market its services and educate consumers about its brand via the Internet.

31. Defendant is targeting its counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendant is defrauding BuzzFeed and the consuming public for Defendant's own benefit.

32. At all times relevant hereto, Defendant in this action has had full knowledge of BuzzFeed's ownership of the BuzzFeed Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

33. Defendant's use of the BuzzFeed Marks, including the promotion and advertisement, reproduction, distribution, and injecting into commerce its copycat services is without BuzzFeed's consent or authorization.

34. Defendant is engaging in the above-described unlawful activities knowingly and intentionally or with reckless disregard or willful blindness to BuzzFeed's rights for the purpose of trading on BuzzFeed's goodwill and reputation. If Defendant's intentional counterfeiting, infringing, and diluting activities are not permanently enjoined by this Court, BuzzFeed and the consuming public will continue to be harmed.

35. Defendant's above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers. Moreover, Defendant's wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing

there is a connection or association between BuzzFeed's genuine services and Defendant's copycat services, which there is not.

36. Defendant's infringing activities tarnish and will continue to tarnish BuzzFeed's brand and the goodwill associated with the BuzzFeed Marks as the website operating under the Subject Domain Name distributes malware to consumers and directs consumers to, *inter alia*, websites featuring pornographic images.

37. BuzzFeed has no adequate remedy at law.

38. BuzzFeed is suffering irreparable injury and has suffered substantial damages because of Defendant's unauthorized and wrongful use of the BuzzFeed Marks. If Defendant's counterfeiting and infringing, unfairly competitive, and tarnishing activities are not permanently enjoined by this Court, BuzzFeed and the consuming public will continue to be harmed.

39. The harm and damage sustained by BuzzFeed has been directly and proximately caused by Defendant's unlawful activities and by the creation, maintenance, and the very existence of Defendant's Subject Domain Name and website including the associated services promoted under the BuzzFeed Marks.

### COUNT I – TRADEMARK DILUTION BY TARNISHMENT PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(c))

40. BuzzFeed hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

41. The BuzzFeed Marks are famous and distinctive and are entitled to protection against dilution by blurring or tarnishment.

42. Defendant commenced use of the BuzzFeed name and BuzzFeed Marks in commerce after the name "BuzzFeed" had become famous and distinctive.

Defendant's use of counterfeits of the BuzzFeed name and BuzzFeed Marks in conjunction with the distribution of digital malware which includes, in some instances, redirection to pornographic content, tarnishes the goodwill associated with the famous BuzzFeed Marks and damages BuzzFeed's brand-image. Defendant has injured and will continue to injure BuzzFeed's business reputation, has tarnished the distinctive quality of BuzzFeed's famous name and the BuzzFeed Marks, has lessened the capacity of BuzzFeed's famous BuzzFeed name and the BuzzFeed Marks to identify and distinguish BuzzFeed's services, in violation of 15 U.S.C. § 1125(c).

43. BuzzFeed has suffered and will continue to suffer irreparable injury and damages due to Defendant's above-described activities if Defendant is not permanently enjoined. Additionally, Defendant will continue to wrongfully profit from its illegal activities.

## COUNT II - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

44. BuzzFeed hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

45. This is an action for trademark counterfeiting and infringement against Defendant based on its use of counterfeit and confusingly similar imitations of the BuzzFeed Marks on its copycat website operating under the Subject Domain Name, in connection with the promotion, advertisement, distribution, and offering for consumer consumption the Defendant's substitute services.

46. Defendant is promoting and otherwise advertising and distributing digital content using counterfeits and/or infringements of the BuzzFeed Marks. Defendant is continuously infringing and inducing others to infringe the BuzzFeed Marks by using one or more of them to advertise, promote, and distribute counterfeit and infringing BuzzFeed branded digital content.

47. Defendant's counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's counterfeit services.

48. Defendant's unlawful actions have caused and are continuing to cause unquantifiable damages to BuzzFeed and are unjustly enriching Defendant at BuzzFeed's expense.

49. Defendant's above-described illegal actions constitute counterfeiting and infringement of the BuzzFeed Marks in violation of BuzzFeed's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

50. BuzzFeed has suffered and will continue to suffer irreparable injury and damages due to Defendant's above-described activities if Defendant is not permanently enjoined. Additionally, Defendant will continue to wrongfully profit from its illegal activities.

**COUNT III - FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

51. BuzzFeed hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

52. Defendant's illegal distribution of its copycat services is using exact copies of the BuzzFeed Marks, including within many of BuzzFeed's important business markets, such as the State of Florida and the United States of America.

53. Defendant's non-genuine digital services which are presented to the consuming public using copies of the BuzzFeed Marks are virtually identical in appearance to BuzzFeed's genuine services. However, Defendant's copycat services direct consumers to the unauthorized Subject Domain Name and exposure to digital malware. Defendant's activities are likely to cause confusion among consumers as to at least the origin or sponsorship of the non-genuine services.

54. Defendant has used in connection with its advertisement, offer for distribution, and

13

distribution of its non-genuine digital services, false designations of origin and false descriptions and representations, including words or other symbols, which tend to falsely describe or represent such services and have caused such services to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to BuzzFeed's detriment.

55. Defendant has authorized infringing uses of the BuzzFeed Marks in Defendant's advertisement and promotion of its copycat services. Defendant has misrepresented to members of the consuming public that it is affiliated with or endorsed by BuzzFeed.

56. Additionally, Defendant is using counterfeits and infringements of the BuzzFeed Marks to unfairly compete with BuzzFeed and others for space within organic search engine thereby depriving BuzzFeed of a valuable marketing and educational tool which would otherwise be available to BuzzFeed and reducing the visibility of BuzzFeed's genuine services on the World Wide Web.

57. Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. BuzzFeed has no adequate remedy at law and has sustained irreparable injury and damage caused by Defendant's conduct. Absent an entry of an injunction by this Court, Defendant will continue to wrongfully enrich itself and BuzzFeed will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT IV - COMMON LAW UNFAIR COMPETITION

59.     BuzzFeed hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

60.     This is an action against Defendant based on its promotion, advertisement, and distribution of services using or bearing marks that are virtually identical to the BuzzFeed Marks in violation of Florida's common law of unfair competition.

61.     Specifically, Defendant is promoting and otherwise advertising, and distributing services using counterfeits and infringements of the BuzzFeed Marks. Defendant is also using counterfeits and infringements of the BuzzFeed Marks to unfairly compete with BuzzFeed and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

62.     Defendant's infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's website as a whole and all services featured therein by its use of the BuzzFeed Marks.

63.     BuzzFeed has no adequate remedy at law and is suffering irreparable injury and damages because of Defendant's actions.

## COUNT V - COMMON LAW TRADEMARK INFRINGEMENT

64.     BuzzFeed hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 39 above.

65.     This is an action for Florida common law trademark infringement against Defendant based on its promotion, advertisement, and distribution of its copycat services using

and bearing the BuzzFeed Marks. BuzzFeed is the owner of all common law rights in and to the BuzzFeed Marks.

66. Specifically, Defendant is promoting, and otherwise advertising, and distributing, services using and bearing infringements of the BuzzFeed Marks.

67. Defendant's infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's copycat services bearing the BuzzFeed Marks.

68. BuzzFeed has no adequate remedy at law and is suffering damages and irreparable injury because of Defendant's actions.

## PRAYER FOR RELIEF

69. WHEREFORE, BuzzFeed demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

   a. Entry of a permanent injunction pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from using in any manner the BuzzFeed Marks, or any confusingly similar trademarks or names in connection with any advertisements or websites in any false and/or deceptive manner; from infringing, counterfeiting, or diluting the BuzzFeed Marks; from using the BuzzFeed Marks, or any mark or trade dress similar thereto, in connection with the promotion or distribution of any unauthorized goods or services; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or goods of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with BuzzFeed; from falsely representing themselves as being connected with BuzzFeed, through sponsorship or association, or engaging in any act that is likely to falsely cause

members of the trade and/or of the consuming public to believe any goods or services of Defendant, are in any way endorsed by, approved by, and/or associated with BuzzFeed; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the BuzzFeed Marks in connection with the publicity, promotion, sale, or advertising of any goods or services offered by Defendants; from affixing, applying, annexing or using in connection with the promotion or distribution of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods and services as being those of BuzzFeed, or in any way endorsed by BuzzFeed and from offering such goods and services in commerce; from engaging in search engine optimization strategies using colorable imitations of BuzzFeed's name or trademarks; and from otherwise unfairly competing with BuzzFeed.

    b.  Entry of a permanent injunction pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendant and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, Defendant in connection with the promotion and distribution of non-genuine goods and services bearing and/or using counterfeits of the BuzzFeed Marks.

    c.  Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that upon BuzzFeed's request, the top level domain (TLD) Registry for the Subject Domain Name, and any other domains used by Defendant, or its administrators, including backend registry operators or administrators, place the Subject Domain Name on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Name, and any other domain names being used and/or controlled by Defendant to engage in the business of promoting,

advertising, and distributing goods and services bearing counterfeits and infringements of the BuzzFeed Marks, to the IP addresses where the associated websites are hosted.

        d.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, canceling for the life of the current registration or, at BuzzFeed's election, transferring the Subject Domain Name and any other domain names used by Defendant to engage in their counterfeiting of the BuzzFeed Marks at issue to BuzzFeed's control so they may no longer be used for illegal purposes.

        e.      Entry of an order requiring Defendant, its agent(s) or assign(s), to assign all rights, title, and interest, to their Subject Domain Name to BuzzFeed and, if within five (5) days of entry of such order Defendant fails to make such an assignment, the Court order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

        f.      Entry of an order requiring Defendant, its agent(s) or assign(s), to instruct all search engines to permanently delist or deindex the Subject Domain Name and, if within five (5) days of entry of such order Defendant fails to make such a written instruction, the Court order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a).

        g.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon BuzzFeed's request, any messaging service and Internet marketplace, social media, and image hosting website operators and/or administrators, registrar and/or top level domain (TLD) Registry for the Subject Domain Name who are provided with notice of an injunction issued by the Court, identify any e-mail address known to be associated with Defendant's Subject Domain Name.

   h. Entry of an order requiring Defendant to account to and pay BuzzFeed for all profits and damages resulting from Defendant's trademark dilution by tarnishment activities, as provided for under 15 U.S.C. § 1117(a) of the Lanham Act.

   i. Entry of an order requiring Defendant to account to and pay BuzzFeed for all profits and damages resulting from Defendant's trademark counterfeiting and infringing, and unfairly competitive activities and that the award to BuzzFeed be trebled, as provided for under 15 U.S.C. § 1117, or, at BuzzFeed's election with respect to Count II, that BuzzFeed be awarded statutory damages from the Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

   j. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of BuzzFeed's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

   k. Entry of an award of pre-judgment interest on the judgment amount.

   l. Entry of an order for any further relief as the Court may deem just and proper.

DATED: February 8, 2021.   Respectfully submitted,

       STEPHEN M. GAFFIGAN, P.A.

       By: **Stephen M. Gaffigan**
       Stephen M. Gaffigan (Fla. Bar No. 025844)
       Virgilio Gigante (Fla. Bar No. 082635)
       T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
       401 East Las Olas Blvd., #130-453
       Ft. Lauderdale, Florida 33301
       Telephone: (954) 767-4819
       E-mail: stephen@smgpa.net
       E-mail: leo@smgpa.net
       E-mail: Raquel@smgpa.net

       Attorneys for PLAINTIFF, BUZZFEED, INC.